PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2008 Subaru Impreza struck a hole while Melissa Baker was driving on Point Marion Road, designated as Route 119, in Morgantown, Monongalia County. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 9:15 p.m. on February 1,2008. Route 119 is a two-lane road with a center line and edge lines. At the time of the incident, Melissa Baker was returning from dropping her children off at her father-in-law’s house on Warm Hollow Road. She was driving below the posted speed limit of forty-five miles per hour. Before claimant had reached the Baker’s Ridge entrance on Route 119, claimants’ vehicle struck a hole that was located within the white edge line. Ms. Baker testified that there was oncoming traffic, and she did not see the hole before her vehicle struck it. She had driven on this road approximately two weeks before this incident occurred and did not see the hole on a prior occasion. She pulled off to the side of the road, and her husband and father-in-law placed donut tires on the vehicle. As a result of this incident, claimants’ vehicle sustained damage to one rim, both passenger side tires, and its alignment totaling $872.78. Claimants’ insurance deductible is $1,000.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on Route 119. Kathy Westbrook, Highway Administrator for Monongalia County, testified that Route 119 is a first priority road in terms of its maintenance. There are approximately 5,000 vehicles that travel on this road on a daily basis. She explained that a lot of trucks travel on Route 119, and this causes the edges of the road to break down. The claimant contacted respondent on February 4, 2008, to report the incident. Ms. Westbrook stated that the hole was patched on the morning that it was reported to respondent.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, *166 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimants ’ vehicle struck and that the hole presented a hazard to the traveling public. The fact that this incident occurred on a primary road leads the Court to conclude that respondent had notice of this hazardous condition. Thus, the Court finds respondent negligent, and claimants may make a recovery for the damage to their vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimants in the amount of $872.78.
Award of $872.78.